**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL & MELISSA DUGAN, Individually and as h/w 17 Orchard Lane Cherry Hill, NJ 08002 | : : : : : | |
| Plaintiffs, | : : | NO.: 14-5252 |
| v. | : : | |
| MATTHEW O'HARA, et al. c/o Healthcare Services Group, Inc. 3220 Tillman Drive, Ste. 300 Bensalem, PA 19020 | : : : : : | |
| Defendants. | : : | **Jury of Twelve (12) Jurors Demanded** |

# ORDER

AND NOW this _____ day of _____, 2014, upon consideration of Defendants' Motion to Enforce, and Plaintiffs' Response in Opposition thereto, it is hereby ORDERED and DECREED that Defendants' Motion is DENIED.

**AND IT IS SO ORDERED.**

_____
Gene E.K. Pratter                    ,J.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL & MELISSA DUGAN, Individually and as h/w 17 Orchard Lane Cherry Hill, NJ 08002 | : : : : : | |
| Plaintiffs, | : : | NO.: 14-5252 |
| v. | : : | |
| MATTHEW O'HARA, et al. c/o Healthcare Services Group, Inc. 3220 Tillman Drive, Ste. 300 Bensalem, PA 19020 | : : : : : | |
| | : | **Jury of Twelve (12) Jurors Demanded** |
| Defendants. | : | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE

Incorporating by reference Plaintiffs' attached Memorandum of Law, Plaintiffs respectfully request this Honorable Court deny Defendants' Motion to Enforce.

                                                **WEISBERG LAW**

                                                /s/ Matthew B. Weisberg
                                                Matthew B. Weisberg, Esquire
                                                Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL & MELISSA DUGAN, | : | |
| Individually and as h/w | : | |
| 17 Orchard Lane | : | |
| Cherry Hill, NJ 08002 | : | |
| | : | |
| Plaintiffs, | : | NO.:   14-5252 |
| | : | |
| v. | : | |
| | : | |
| MATTHEW O'HARA, et al. | : | |
| c/o Healthcare Services Group, Inc. | : | |
| 3220 Tillman Drive, Ste. 300 | : | |
| Bensalem, PA 19020 | : | |
| | : | **Jury of Twelve (12) Jurors Demanded** |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE

Defendants' Motion requests this Honorable Court enforce a claimed state court settlement arising secondary to either an underlying Workers' Compensation and/or unemployment compensation proceedings. Implicitly, Defendants contend this Court's thus enforcement would likewise bar Plaintiffs' instant action.

However, Defendant's Preliminary Motion does not seek relief under 12(b). Thus, Defendants' Motion is *prima facially* defective and should be denied outright.

Instead, Defendants request this Court perform a three-part action (brought by an improper device): (1) find that there was a settlement; (2) enforce that settlement; and (3) thereby dismiss Plaintiffs' Complaint. This, Defendants cannot now (at this stage) ask this Court to do let alone via this Motion.

Even if this Court could perform Defendants' requested three-step, this Court does not have jurisdiction to do so even if there were a settlement (denied). Enforcement of that

"settlement" would be via state court action for breach of contract or injunction wherein here Co-Plaintiff, Dan Dugan would be the there Defendant. To that end, if Defendants were to here reply that this federal court is an appropriate vehicle for enforcement (denied), they would need to assert same via a counterclaim – again, even in the light most favorable to Movants (the **contra** - standard), this Court would either not have jurisdiction to so entertain *or* Defendants have raised this issue by a fatally defective device.

However, even if the Court did have jurisdiction and could operate under Defendants' request, the Court would nonetheless be forced to abstain – settlement is claimed arising from the state administrative workers' compensation matter and/or state administrative unemployment compensation proceeding.

A further violation of procedural due process, Defendants' preliminary Motion contains exhibits other than the operative pleading – which must be stricken. If not to be stricken and instead be considered, Plaintiff respectfully requests Defendants' Motion be converted to one for summary judgment – with notice to Plaintiffs and opportunity to respond.

Otherwise, Plaintiffs respectfully request the opportunity towards discovery upon Defendants' Motion's exhibits and factual averments contained therein. If granted discovery, Plaintiffs would seek to depose Plaintiffs' underlying workers' compensation counsel towards that counsel's anticipated testimony that there was no underlying settlement as well as all other witnesses to same (including those referenced in the exhibits and instant parties – towards that same affirmation).

Notwithstanding any of the foregoing, there was no such settlement: except for only the workers' compensation action for workers' compensation benefits only. Plaintiffs did not authorize their workers' compensation counsel to settle anything but the workers' compensation

proceeding. The workers' compensation "Compromise and Release" (i.e., settlement) explicitly carves out this action. Plaintiffs' workers' compensation counsel had no authority to settle outside the workers' compensation proceeding. The workers' compensation court has no jurisdiction over third-party matters. The Unemployment Compensation Board has no jurisdiction over third-party matters.

There is no release; in fact, the absence of such release is evidence contrary to Defendants' Motion.

To the extent Defendants' now claim they did not contest unemployment compensation benefits, that argument "begs the question": any contest would be of no moment – Plaintiff would have been awarded unemployment compensation as rightfully so entitled (and Defendants do not argue otherwise). Notably, Defendants did not make a record at the unemployment compensation proceeding of their claimed non-contest in favor of some form of global settlement.

In sum:

a)      Defendants have brought a procedurally defective preliminary motion[1] - waived[2];

b)      If not defective, this Court has no jurisdiction to entertain such motion[3];

c)      If the Court has jurisdiction, it must abstain in favor of existing state court proceedings[4] and/or a peculiar state court question[5];

d)      If the Court does not abstain, Defendants' Motion must be denied as all factual averments, exhibits, and any references thereto must be stricken[6];

---

[1] FRCP 12(b); 12(g)(2).
[2] FRCP 12(h).
[3] In re Phar-Mor, Inc. Sec. Litig., 172 F.3d 270 (C.A.3 1999); Cintron v. New Jersey, 2012 WL 5393052 (D.J.J. Oct. 22, 2014).
[4] Ocean Grove Camp Meeting Ass'n of United Methodist Church v. Vespa-Papaleo, 339 Fed.Appx. 232 (C.A.3 2009).
[5] Burford v. Sun Oil Co., 319 U.S. 315 (1943); Louisiana Power & Light Co. v. City of Thibodeaux, 360 U.S. 25 (1959).

e)  If not denied as lacking instantly admissible foundation, the Motion must be converted to one for summary judgment with notice to Plaintiffs an opportunity to respond[7];

f)  If not converted to summary judgment, Plaintiffs should be entitled to discovery[8];

g)  If discovery is not allowed, Defendants' Motion must be denied because the absence of a release coupled with the non-authority/jurisdiction of the Workers' Compensation Court and Unemployment Compensation Board fails to support a settlement;

h)  Even if those bodies could cause a settlement, there is no record of a settlement;

i)  Even if there was a record, Plaintiffs did not give their authority towards this settlement[9];

j)  There was no authorized settlement, agreement to settle, nor even consideration toward settlement; and finally

k)  There is no *res* to enforce vis-à-vis settlement (i.e., the motion is moot) – unemployment compensation has been awarded as have workers' compensation benefits.

WHEREFORE, Plaintiffs respectfully request this Honorable Court deny Defendants' Motion to Enforce.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs

---

[6] Schmidt v. Skolas, No. 13-3750 (C.A.3 Oct. 17, 2014).
[7] In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (C.A.3 1997); FRCP 12(d).
[8] FRCP 12(d).
[9] Rockey v. Big Springs School Dist., 699 A.2d 1331 (Pa.Cmwlth. 1997).

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL & MELISSA DUGAN, Individually and as h/w 17 Orchard Lane Cherry Hill, NJ 08002 | : : : : : |
| Plaintiffs, | : NO.: 14-5252 |
| v. | : : |
| MATTHEW O'HARA, et al. c/o Healthcare Services Group, Inc. 3220 Tillman Drive, Ste. 300 Bensalem, PA 19020 | : : : : : |
| Defendants. | : **Jury of Twelve (12) Jurors Demanded** : |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 7th day of November, 2014, a true and correct copy of the foregoing Plaintiffs' Response in Opposition to Defendants' Motion to Enforce and Memorandum of Law in Support thereof was served via ECF, upon the following parties:

Andrew Geraldus Gay, Jr., Esq.
Law Office of Andrew G. Gay, Jr., LLC
1731 Spring Garden St.
Philadelphia, PA 19130

Kenneth D. Kleinman, Esq.
Brad M. Kushner, Esq.
Stevens & Lee, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA 19103-3638

                                                    **WEISBERG LAW**

                                                    /s/ Matthew B. Weisberg
                                                    Matthew B. Weisberg, Esquire
                                                    Attorney for Plaintiffs