**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL & MELISSA DUGAN, | : | |
| Individually and as h/w | : | |
| 17 Orchard Lane | : | |
| Cherry Hill, NJ 08002 | : | |
| | : | |
| Plaintiffs, | : | NO.: 14-5252 |
| | : | |
| v. | : | |
| | : | |
| MATTHEW O'HARA, et al. | : | |
| c/o Healthcare Services Group, Inc. | : | |
| 3220 Tillman Drive, Ste. 300 | : | |
| Bensalem, PA 19020 | : | |
| | : | **Jury of Twelve (12) Jurors Demanded** |
| Defendants. | : | |

**ORDER**

AND NOW this _____ day of _____, 2015, upon consideration of Defendants' Motion to Enforce Settlement, and Plaintiffs' Response in Opposition thereto, it is hereby ORDERED and DECREED that Defendants' Motion is DENIED.

**AND IT IS SO ORDERED**

_____
Gene E.K. Pratter            ,J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL & MELISSA DUGAN, | : | |
| Individually and as h/w | : | |
| 17 Orchard Lane | : | |
| Cherry Hill, NJ 08002 | : | |
| | : | |
| Plaintiffs, | : | NO.:   14-5252 |
| | : | |
| v. | : | |
| | : | |
| MATTHEW O'HARA, et al. | : | |
| c/o Healthcare Services Group, Inc. | : | |
| 3220 Tillman Drive, Ste. 300 | : | |
| Bensalem, PA 19020 | : | |
| | : | **Jury of Twelve (12) Jurors Demanded** |
| Defendants. | : | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT

Incorporating by reference Plaintiffs' attached Memorandum of Law, Plaintiffs respectfully request this Honorable Court deny Defendants' Motion to Enforce Settlement.

                                                                                **WEISBERG LAW**

                                                                                /s/ Matthew B. Weisberg
                                                                                Matthew B. Weisberg, Esquire
                                                                                 Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL & MELISSA DUGAN, | : | |
| Individually and as h/w | : | |
| 17 Orchard Lane | : | |
| Cherry Hill, NJ 08002 | : | |
| | : | |
| Plaintiffs, | : | NO.: 14-5252 |
| | : | |
| v. | : | |
| | : | |
| MATTHEW O'HARA, et al. | : | |
| c/o Healthcare Services Group, Inc. | : | |
| 3220 Tillman Drive, Ste. 300 | : | |
| Bensalem, PA 19020 | : | |
| | : | **Jury of Twelve (12) Jurors Demanded** |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT**

**I. Operative Facts**

Incorporating by reference Plaintiffs' prior submissions upon Defendants' original Motion to Enforce Settlement (Docket Nos. 15, 19 & 21), Defendants renew their Motion notwithstanding the intervening discovery requires its denial as a matter of fact nor can the Motion be granted as a matter of law. [1]

In the original Motion to Enforce (No. 4), movants' then contended the Workers' Compensation Compromise and Release (Docket No. 19, Exh. 2) concluded the instant action via settlement. Now, Defendants change course by arguing their claimed non-contest of Plaintiffs' unemployment compensation request was made contingent on the so-called underlying settlement. This lurching from one position to the contrary should not only be estopped but additionally undermines movants' credibility.

---
[1] FRCP 12(d)

As to the assertion that the Workers' Compensation "settlement" encompassed this action, one only need to look to Workers' Compensation Compromise and Release (Docket No. 19, Exh. 2) – which is a fully integrated document barring introduction of parol evidence. [2] As one would expect, the Workers' Compensation Compromise and Release indicated therein the funds received were solely for Workers' Compensation settlement. Indeed, the Workers' Compensation Court does not even have jurisdiction to recognize a third-party settlement. [3]

The Workers' Compensation Court's limited jurisdiction coupled with the only telling document (i.e., the Compromise and Release) thus must lead to the conclusion that there was no third-party settlement, as expressly indicated therein.

Lurching in the other direction (i.e., that the unemployment compensation non-contest was the settlement), movants supply no memorialization let alone a release executed by instant Plaintiffs (there claimants) that would support movants' theory of settlement. [4] On the contrary, as movants' admit, the unemployment compensation proceeding was set to move forward as contested. [5] To the extent movants argue the unemployment compensation contest was called-off under the auspices of a settlement, there exists no authority: (1) Plaintiffs' workers' compensation counsel was retained solely for the workers' compensation proceeding [6] ; (2) Plaintiff's counsel attended the unemployment compensation proceeding anticipating contest [7] ; and (3) Plaintiff's unemployment compensation predecessor counsel also anticipated contest and made no agreement otherwise. [8]

---

[2] Yocca v. Pittsburgh Steelers Sports, Inc., 578 Pa. 479, 497 (Pa. 2004)
[3] 77 P.S. § 1000.5
[4] Exh. A - Deposition of Jean Fissinger, Esq. Transcript, Pp. 11-12; 18
[5] Exh. A - P. 15
[6] Exh. B - Deposition of Daniel Dugan Transcript, P. 185
[7] Exh. B - Deposition of Daniel Dugan Transcript, P. 159
[8] Exh. B - Deposition of Daniel Dugan Transcript, P. 179, 185, 187-188; Exh. A - Deposition of Jean Fissinger, Esq. Transcript, Pp. 11-12; 18

To the extent movants' argue that there existed some late night pre-unemployment compensation hearing agreement with Workers' Compensation counsel and movants' unemployment compensation representative, Plaintiff <u>and</u> Plaintiff's undersigned then counsel not only did not grant that authority but expressly disclaimed it, respectively. [9]

To the extent movants acted contrarily to their believed interests in contesting the unemployment compensation, that does not make a settlement [10]; indeed, it is wholly speculative as well as contrary to law that movants' would have prevailed at the unemployment compensation hearing. On the contrary, claimant would have prevailed, as he did prevail, because he was entitled to unemployment compensation – regardless of movants' now protestations to the contrary.

As to the unemployment compensation jurisdiction, because unemployment compensation is a statutory right guarded by administrative judicial authority involving government funds, employers and former employees cannot "settle" – as movants' envision here – let alone to preclude third-party actions. Said differently, employers and employees cannot agree to the Commonwealth of Pennsylvania paying an un-entitled unemployment compensation claimant. [11] Even if the contrary is true, one would think such "settlement" would be reduced to a formal writing executed by all parties with authority. [12]

While Plaintiffs will argue the applicable law below, as a matter of uncontested fact: Plaintiff did not agree to a settlement, there was no formal settlement document executed by all parties, and Plaintiff did not grant anyone authority to settle out this action. To wit, all the formal documentation from the Workers' Compensation proceedings indicates contrarily as does

---

[9] Exh. B - Deposition of Daniel Dugan Transcript, P. 179-188
[10] <u>Reutzel v. Douglas</u>, 582 Pa. 149, 790 (Pa. 2005).
[11] 43 P.S. § 801, et seq.
[12] <u>Reutzel</u> at 790.

Plaintiffs' Complaint (No. 30) and Affidavit (No. 19, Exh. 1), Plaintiffs' testimony [13], Plaintiffs' undersigned counsel's testimony, and Plaintiffs' undersigned counsel's e-mails to Plaintiff's then (solely) Workers' Compensation counsel.

Notwithstanding Defendants' Motion should be denied as a matter of law (*see*, below argument), Defendants' have failed to even make a *prima facie* case in support of their *affirmative defense* of settlement and release.  At the outset, Defendants' Motion should be denied.

## II.     Standard

**Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in Twombly and Iqbal (in accord with Phillips) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPML Shadyside - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1955 (2009)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 230 (C.A.3 2008).

Fowler reiterated the appropriate Motion to Dismiss standard, as elucidated in Phillips, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under **any** reasonable reading of the Complaint, the plaintiff *may* be entitled to relief."  Fowler, *supra* (quoting Phillips, at 233) (emphasis added).  "Although Fowler's Complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims."  Fowler, *supra* (citing Twombly, at 564, n.8).

---

[13]  Exh. B - Deposition of Daniel Dugan Transcript, P. 179-188

"Even post-Twombly, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation *that discovery will reveal evidence of the necessary element*.'" Fowler, *supra*; (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 231 2671 (W.D. Pa. 2008)); Phillips, at 234. Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969). In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief). *See*, 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." Fowler, *supra* "…[S]tandards of pleadings are not the same as standards of proof." Id. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." Id. (quoting Twombly, at 556).

      i.      Motion to Enforce Settlement Standard

The question of who is bound by a settlement agreement must be answered by reference to state law. Langella v. Anderson, 734 F.Supp. 185, 191 (D. N.J. 1990). Further, when there is a material dispute about the existence of a settlement agreement – or the authority of an attorney to enter a settlement agreement on behalf of his client, the court must conduct a plenary evidentiary hearing in order to resolve that dispute. Millner v. Norfolk & W. R. Co., 643 F.2d 1005, 1009 (4th Cir. 1981).

B.  Amended Pleading

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected. Twombly, *supra.*; *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, In re Spree.com Corp., 2001 WL 1518242 (Bankr.E.D.Pa. 2001). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. *See*, Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2); Fowler, *supra.* ("we note that the District Court inexplicably foreclosed Fowler from an opportunity to amend her Complaint so as to provide further specifics…" Though the deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's Complaint with prejudice **in error**) (emphasis added). The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial, ***even if not requested***. Adams v Gould, Inc., 739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a complaint to assert a new legal theory); Arthur V. Maersk, Inc., 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one year after initiation); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after complaint was amended for second time). "Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. Id.

C. Jurisdiction

Supplemental jurisdiction "**must**" be declined in lieu of adjudicating pendent State law claims unless consideration is provided in affirmative justification otherwise. Borough of West Mifflin v. Lancaster, 45 F.3d 780 (C.A.3 1995) (emphasis added); *see,* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *see also,* Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999).

In adjudicating a peculiar State law question, that analysis should be left to the State Court. Burford v. Sun Oil Co., 319 U.S. 315 (1943); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

**III. Argument**

A. *This court does not have jurisdiction to enforce a settlement nor is there such a device instantly*

Defendants request this Honorable Court perform a three-part action: (1) find that there was a settlement; (2) enforce that settlement; (3) thereby dismiss Plaintiffs' Complaint. Notwithstanding factually there was no settlement [14] (and movants' have not met their burden of proof towards that affirmative defense), a federal court cannot enforce a state court settlement let alone one claim brought under administrative judicial proceedings which additionally requires that administrative judge's approval. [15]

---

[14] Exh. A - Deposition of Jean Fissinger, Esq. Transcript, Pp. 11-12; 18; Exh. B - Deposition of Daniel Dugan Transcript, P. 179-188
[15] 43 P.S. § 801, et seq.

To that end, even if this Court could enforce that settlement, what would be the enforcement? Defendants request dismissal but they have not brought a Motion for Summary Judgment.

To the extent this Honorable Court entertains exercising federal jurisdiction to enforce a settlement by dismissal, Plaintiffs respectfully suggest even then this Court must abstain from so doing or otherwise sever that peculiar administrative law question to that administrative court.

If the Court determines not to abstain nor sever, this Honorable Court is respectfully suggested as required to provide a notice of intent to convert Defendants' Motion to one for summary judgment with opportunity for a response and thereon allow briefing anew.

In all, however, Defendants' Motion should be denied if not on the facts outright but as lacking instant jurisdiction or proper device.

B.   *There is nothing to enforce*

To the extent Defendants' are seeking to enforce the Workers' Compensation Compromise and Release, there is nothing to enforce: the Workers' Compensation proceeds have been paid, a release therefore has been executed and tendered, and the Workers' Compensation proceeding has terminated.

Likewise, for unemployment compensation benefits: (1) the benefits have been paid; and (2) the benefits have been adjudicated owing.

There is no *res* to enforce. Defendants' Motion should be denied.

C.   *The parol evidence rule bars Defendants' request for relief*

In its Motion, Defendants claim there was an agreement between the Plaintiffs' then Workers' Compensation counsel and Defendants' representative towards a $125,000.00 settlement "… with $110,000.00 attributable to the Workers' Compensation claim and

$15,000.00 attributable to the employment claims…" However, that $125,000.00 amount is listed in the Workers' Compensation Compromise and Release as being solely attributable to the Workers' Compensation settlement – which release expressly excludes therefrom this third-party action.

The parol evidence rule bars any evidence outside the Compromise and Release – which "evidence" is respectfully requested to be stricken. [16]

Notwithstanding the parol evidence rule, Defendants' admit in their Motion that Plaintiff did not even acquiesce to Plaintiff's Workers' Compensation counsel's negotiations ("… he told Fox that Fox should check with Weisberg before conveying Dugan's acceptance of the offer."). [17] While Defendants attempt to cast Plaintiff's then unemployment compensation and always third-party counsel pejoratively (i.e., that somehow undersigned counsel controls settlements for clients and not the other way around), that mischaracterization is of no moment *except to support Plaintiff's here position*: there was no settlement. [18]

Defendants' Motion should be denied.

D.   *Fox had no authority to settle anything but the Workers' Compensation case*

In Pennsylvania, it is clear that there could be no settlement without a client's expressed permission. [19] Indeed, it is likewise clear, that all cases of doubt resolve in divesting even a client permitted settlement not reduced to a formal writing.

Dugan did not grant anyone – let alone his Workers' Compensation counsel – permission to settle his unemployment compensation nor third-party action. Indeed, Dugan had prior

---

[16] Yocca v. Pittsburgh Steelers Sports, Inc., 578 Pa. 479, 497 (Pa. 2004)
[17] Exh. B - Deposition of Daniel Dugan Transcript, P. 179-188
[18] As to that mischaracterization, Weisberg clearly testified – as admitted by movants and clear from Dugan and Weisberg's deposition – that neither Weisberg nor Dugan agreed to compromise the third-party case; Exh. B - Deposition of Daniel Dugan Transcript, P. 179-188
[19] Reutzel v. Douglas, 582 Pa. 149, 790 (Pa. 2005).

unemployment compensation counsel and then successor unemployment compensation with third-party global separate and unrelated counsel.

To that end, Plaintiff did not even retain his Workers' Compensation counsel for anything other than Workers' Compensation proceedings [20] – again, Plaintiff had other counsel for those other proceedings.

In fact, it was Plaintiff's Workers' Compensation counsel who referred the instant third-party action to Plaintiffs' undersigned counsel; why would Workers' Compensation counsel refer out a third-party matter merely to resolve the third-party matter, unemployment compensation matter, and Workers' Compensation action globally (for an additional $15,000)?

This action pends in diversity upon Plaintiffs' good faith belief that it involves an amount in controversy in excess of $75,000.00. Likewise, Plaintiff may receive unemployment compensation benefits likewise in excess of $15,000.00.

Defendants' only singular proof (if even admissible per the parol evidence rule) is Workers' Compensation counsel's e-mail to movants' representative seemingly memorializing the terms of a settlement. However, as discussed, that counsel did not have the authority and, in fact, was advised contrarily.

However, regarding the e-mail, even in the light most favorable to movants (the **contra** – standard), the e-mail is itself non-binding: (1) Workers' Compensation benefits need to be approved by a judge following a memorialized and mutually executed Compromise and Release whereupon a colloquy is held confirming their Workers' Compensation claimant's understanding and voluntariness [21]; and (2) Unemployment Compensation can only be granted by the

---

[20] Exh. C - Deposition of William Fox, Esq. Transcript, Pp. 32-33; 69; 83-89; Exh. B - Deposition of Daniel Dugan Transcript, P. 185
[21] 77 P.S. § 1000.5, et seq.

government upon application [22] – said differently, an employer cannot voluntarily give an employee unemployment compensation. That is, Workers' Compensation counsel's e-mail is itself non-binding because even a memorialization between adverse parties requires judicial ratification whereupon that agreement could be judicially rejected (and in the Workers' Compensation context, "reneged" at the time of colloquy by the claimant).

Fox had no authority toward the e-mail from Plaintiff. On the contrary, Fox was expressly told not to compromise the third-party claim; Plaintiff had independent unemployment compensation and third-party counsel. Even if Fox had authority (denied), that authority was illusory and non-binding.

Simply, Fox acted – *ultra vires*.

Defendants' Motion should be denied.

E. *Plaintiff cannot ratify the settlement and did not ratify the settlement*

For the reasons discussed above, Plaintiff cannot ratify the "settlement." Except for the third-party action, Workers' Compensation and Unemployment Compensation requires third-party ratification. Indeed, the Workers' Compensation matter was ratified – expressly contrary to Defendants' instant position. Further, the unemployment compensation hearing was attended by Plaintiff and his then counsel anticipating contest.

As a matter of law, Plaintiff cannot ratify. As a matter of fact, Dugan expressly disclaimed – as evident by his filing this action.

To wit, Defendants' have not even performed: They are still holding on to the $15,000.00…

---

[22] 43 P.S. § 801, et seq.

F.     *Sanctions: §1927*

As a throw-in, Defendants request this Court sanction.  Defendants do not explain why or how Plaintiffs have vexatiously multiplied proceedings – e.g., it was Defendants who have brought this Motion (as well as the prior Motion, the prior Motion to Strike, the prior Response in Opposition to Motion for Extension, etc.).

Even if there was an intentional breach of a settlement agreement, an enforcement action would not even then allow fee-shifting except if otherwise contractually agreed (i.e., "the American Rule").

Defendants' request for sanctions is an unsubstantiated, unfounded and an ill-spirited throw-in attempting to bully Plaintiffs and their undersigned counsel to intimidate Plaintiffs into withdrawing this meritorious lawsuit.

However, if this Honorable Court entertains sanctioning Plaintiffs or their counsel, Plaintiffs and their counsel respectfully request a Rule to Show Cause enter for a hearing be held thereupon so that sanctions not taint the instant proceeding and parties may have the opportunity to perhaps engage independent counsel and present mitigating evidence if not otherwise fully brief.

Sanctions are not warranted against Plaintiffs nor their counsel.

G.     *Defendants' Motion's Mischaracterizations*

Having a meritorious action as well as defense as a matter of both fact and law to Defendants' Motion, Plaintiffs need not respond tit-for-tat to Defendants' mischaracterizations and inaccurate parsing of the claimed evidence.

Plaintiffs respectfully submit the foregoing transcripts with exhibits thereto in whole for this Honorable Court's review, if desired: (1) Deposition of Dugan; (2) Deposition of Fox; (3)

deposition of Weisberg; (4) Fissinger deposition; (5) First Amended Complaint; (6) Dugan Affidavit; and (7) Workers' Compensation Proceeding.

WHEREFORE, Plaintiffs respectfully request this Honorable Court deny Defendants' Motion to Enforce.

**WEISBERG LAW**

<u>/s/ Matthew B. Weisberg</u>
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL & MELISSA DUGAN, | : | |
| Individually and as h/w | : | |
| 17 Orchard Lane | : | |
| Cherry Hill, NJ 08002 | : | |
| | : | |
| Plaintiffs, | : | NO.:   14-5252 |
| | : | |
| v. | : | |
| | : | |
| MATTHEW O'HARA, et al. | : | |
| c/o Healthcare Services Group, Inc. | : | |
| 3220 Tillman Drive, Ste. 300 | : | |
| Bensalem, PA 19020 | : | |
| | : | **Jury of Twelve (12) Jurors Demanded** |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 18th day of March, 2014, a true and correct copy of the foregoing Plaintiffs' Response in Opposition to Defendants' Motion to Enforce Settlement and Memorandum of Law in Support thereof was served via ECF, upon the following parties:

Andrew Geraldus Gay, Jr., Esq.
Law Office of Andrew G. Gay, Jr., LLC
1731 Spring Garden St.
Philadelphia, PA 19130

Kenneth D. Kleinman, Esq.
Brad M. Kushner, Esq.
Stevens & Lee, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA 19103-3638

                                                    **WEISBERG LAW**

                                                    /s/ Matthew B. Weisberg
                                                    Matthew B. Weisberg, Esquire
                                                    Attorney for Plaintiffs